## Horsey, Appellant, v. Ciaroro.

*Negligence—Release of damages—Burden of proof — Fraud — Agency—Proof—Clear, precise and indubitable.*

1. Where, in a negligence case, defendant sets up a release of damages executed by plaintiff, and the latter seeks to have the jury disregard it, and the essential facts in regard to its execution are in dispute, the burden is on plaintiff to prove the facts upon which she relies, beyond a reasonable doubt, by evidence which is clear, precise and indubitable, and by witnesses who are credible, who distinctly remember the facts to which they testify, and narrate the details precisely.

2. The plaintiff in such case cannot recover where the testimony shows that she realized what she was doing, understood the paper which she had signed was a discharge of defendant from further liability, and that no fraud was committed upon her which would justify the setting aside of the written instrument.

3. Misrepresentations of a third party by which plaintiff was brought to the surety company's office where she signed the paper, will not justify a setting aside of the release, where there is nothing to show that the surety company or its agent knew anything of the misrepresentations or participated in them.

4. The mere fact that the final negotiations were had in the office of the indemnitor of defendant, is not sufficient to prove the allegation that those who brought plaintiff there were acting as its agents.

Argued April 15, 1924.   Appeal, No. 260, Jan. T., 1924, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1920, No. 876, for defendant n. o. v., in case of Charlotte Horsey v. Angelo Ciaroro.   Before Mosch-zisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Trespass for personal injuries.   Before Monaghan, J. The opinion of the Supreme Court states the facts. Verdict for plaintiff for $4,750 on which judgment was entered for defendant n. o. v.

*Error assigned* was judgment for defendant n. o. v., quoting record.

*Augustus Trask Ashton,* with him *Harry A. Mackey,* for appellant, cited: Vanormer v. Machine Co., 255 Pa. 47; Hogarth v. Grundy, 256 Pa. 451; Gordon v. Tea Co., 243 Pa. 330; Clayton v. Traction Co., 204 Pa. 536.

*Richard A. Smith,* for appellee, cited: Hicks v. Harbison-Walker Co., 212 Pa. 437; Laird v. Traction Co., 208 Pa. 574; Ralston v. Traction Co., 267 Pa. 257; Leonard v. Coleman, 273 Pa. 62.

OPINION BY MR. JUSTICE SADLER, May 12, 1924:

The plaintiff, an elderly colored woman, was injured on November 9, 1920, by the automobile of defendant, who was protected by a policy of the Maryland Casualty Company. Suit was brought to recover the damages sustained within two weeks thereafter. An agent of the insurer called upon her while confined in the hospital, and endeavored to make a settlement for $500. On two subsequent occasions a like proposal was refused. On January 3d following, Mrs. Horsey, having returned to her home, was called upon by others, who expressed a desire to aid in adjusting her claim, but, as far as the record shows, these parties had no connection with the defendant or the insurance carrier.

It appears that two men, Nutter and Jeter, were representatives of an independent adjustment concern, of which one Acker was the head, and, when they came, suggested, according to her story, that a considerable sum could be obtained by the latter from a state charity, and requested that she go with them to a certain office to collect the amount. These individuals pretended to have secured the approval of her minister to act as proposed. Accompanied by a friend, Mrs. Palmer, she was driven to the place of business of the casualty company. After negotiations, and talking over the telephone to a person

supposedly an officer of the insurer in Baltimore, though, in fact, it was the head of the firm by which Nutter and Jeter were employed, she accepted $500, and signed a release of all claims. A draft for this amount was prepared and given to her. This she endorsed and delivered to Acker, who deducted a fee for his services, and gave the balance, $350, to plaintiff, which sum she has used, and at no time offered to return.

The only conclusion to be reached, after examining the testimony, is that the release was read, before execution, to Mrs. Horsey by her companion, Mrs. Palmer, who testified explicitly as to this,—she was apparently a disinterested witness,—and was signed with full knowledge as to its meaning. Certainly, there is nothing in the record which indicates that the insurance company was involved in any attempt to deceive her. The amount paid equaled the sum offered before. Nor is there anything shown from which it could fairly be inferred that Nutter and Jeter were other than employees of Acker, none of whom had any connection with the casualty company. It may be the former made misrepresentations which led to the settlement, but defendant, and those who agreed to indemnify, were not parties to any fraud, if such there was, and are not to be charged therewith. As far as the latter is concerned, there is no evidence to show any wrongful conduct, and the amount transferred was given in good faith as a result of a compromise.

To negative the idea that plaintiff believed she was ending her suit, attention is called to the fact that a few days thereafter she appeared in court with her witnesses prepared to proceed to a hearing of her cause. This would be significant, were it not for the testimony which shows the voluntary signing of a release, the contents of which were fully explained, the consideration named handed over, the draft for the amount endorsed, and the proceeds retained.

When the action in trespass was brought to trial, proof of negligence, causing the injury complained of, was

submitted, and in defense the release was offered in evidence, with testimony to show the facts leading to its execution. The court below submitted to the jury the question as to whether the signature was fraudulently obtained. A verdict for the plaintiff followed, but this was set aside, and the judgment entered for the defendant n. o. v. The present appeal is the result.

The only contention now raised is as to the sufficiency of the evidence to establish the fact that the paper signed by Mrs. Horsey was secured by fraud, thereby rendering ineffective the settlement to which she apparently agreed. We have read the testimony with care, and reach the same conclusion as the court below. It may be Jeter and Nutter misled plaintiff, as before noted, though this is by no means clear. Even if that were so, they were not the employees of the insurance company, but of Acker's independent organization. The sum originally offered was the amount paid, and the mere fact that the final negotiations were had in the office of the indemnitor of defendant, is not sufficient upon which to base the charge that those who brought the plaintiff there were acting as its agents. The testimony of Mrs. Palmer shows clearly that the paper was signed with full knowledge of its contents and effect.

Though the sum accepted may have been small, and the fee for services, charged by Acker, large, yet this is not sufficient to establish such fraud as to justify setting aside the release. "Where, in a negligence case, defendant sets up a release of damages executed by plaintiff, and the latter seeks to have the jury disregard it, and the essential facts in regard to its execution are in dispute, the burden is on plaintiff to prove the facts upon which she relies, beyond a reasonable doubt, by evidence which is clear, precise and indubitable, and by witnesses who are credible, who distinctly remember the facts to which they testify, and narrate the details exactly": Ralston v. P. R. T. Co., 267 Pa. 257.

The evidence here offered did not justify a finding of fraud on the part of defendant, or the insurance company. Had facts been shown from which improper conduct by either could fairly be inferred, it would have been a question for the jury, even though the consideration received had not been returned (Hogarth v. Grundy & Co., 256 Pa. 451), but the testimony presented to impeach the writing was insufficient. All of the earlier pertinent authorities have been collated and discussed in Ralston v. P. R. T. Co., supra, and reference to what is there said is all that is required. The cases, decided subsequently, show no departure from the rules then laid down as controlling inquiries such as are now before us: Leonard v. Coleman, 273 Pa. 62; Morneweck v. Western & S. L. Ins. Co., 271 Pa. 17, and Miller's Est., 279 Pa. 30, 38, where it was declared, whether the evidence, in such case, meets the required standard and justifies its submission to a jury, is a question of law for the court.

Our inquiry is limited to determining whether plaintiff voluntarily executed the release, knowing it to be such. As to this, there is no difficulty, for the testimony indicates plaintiff realized what she was doing, understood the paper which she had signed was a discharge of defendant from further liability, and no such evidence of fraud was made to appear as would justify the setting aside of the written instrument.

It follows from what has been said that the assignment of error should be overruled.

The judgment is affirmed.