# Keys, Administratrix, Appellant, v. Hanscom Bros., Inc.

*Negligence—Release — Evidence — Fraud — Burden of proof — Offer to return money received.*

1. Where evidence to set aside a release of damages claimed to have been procured by fraud, is not clear, precise and indubitable, the issue should be withdrawn from the jury.

2. In such case it is the right and duty of the court to judge as to the sufficiency, in quality, of the evidence to go to the jury.

3. Some of the qualities required of evidence to set aside such an instrument on account of fraud in its procurement, are that the witnesses depended upon for that purpose shall distinctly remember the facts to which they testify and narrate the details exactly.

4. Whether the evidence meets the required standard and justifies its submission to a jury is a question of law for the court.

5. Such a case should not be submitted to the jury, where the court finds that plaintiff from his own evidence was not a credible witness, and that the circumstances surrounding the execution of the release suggested nothing from which it could be concluded that plaintiff in any respect was taken advantage of.

6. Where, in such case, plaintiff does not return or offer to return the money he received for the release, he cannot render it inoperative.

Argued January 4, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 286, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 2396, for defendant on whole record, in case of Elizabeth Keys, Administratrix of Peter Keys, deceased, v. Hanscom Bros., Inc. Affirmed.

Trespass for personal injuries. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The jury disagreed. Judgment for defendant on the whole record in opinion by FERGUSON, J.

*Errors assigned* were various rulings **and judgment,** quoting record.

*Francis M. McAdams,* with him *Simon C. Raken,* for appellant.—The alleged release and accompanying draft were not properly admissible as evidence.

Neither the signatures nor the contents were proven in such manner as to entitle the papers to be received as evidence, and there was no privity shown between the man who claimed to have gotten them and defendant, and no consideration moved from defendant: M'Ginnis v. Allison, 10 S. & R. 197; Am. Underwriters Assn. v. George, 97 Pa. 238.

There has never been a decision in a case of this class, requiring a return of the money as a prerequisite to defense against a paper gotten through fraud: Horsey v. Ciaroro, 280 Pa. 513; Palkovitz v. Sheet & Tin Plate Co., 266 Pa. 176; Hogarth v. Grundy, 256 Pa. 451; Vanormer v. Machine Co., 255 Pa. 47; Gordon v. Tea Co., 243 Pa. 330; Clayton v. Traction Co., 204 Pa. 536.

*Samuel S. Herman,* for appellee.—The evidence was insufficient to set aside the release: Ralston v. Transit Co., 267 Pa. 257; Walker v. Harbison, 283 Pa. 111.

The decision in Walker v. Harbison et al., 283 Pa. 111, relating to retention of the money, governs the instant case.

OPINION BY MR. JUSTICE SCHAFFER, January 24, 1927:

The jury having disagreed in this action to recover damages for personal injuries, the court entered judgment for defendant and plaintiff has appealed. The outcome in the court below was the result of its conclusion that a release executed by plaintiff barred recovery. We conclude likewise.

Plaintiff was working as a street cleaner for the City of Philadelphia and while so engaged was injured by having his heel struck by the wheel of defendant's wagon,

The following day the adjuster for an insurance company, which evidently insured defendant against liability of the kind here sought to be established, called at plaintiff's house, talked with him about the accident, paid him fifty dollars and plaintiff executed a full release to defendant which was received in evidence on the trial after proof of its execution by the subscribing witnesses. Plaintiff admitted that he signed the release and for this reason the attacks made by appellant on its admissibility drop out of consideration. Appellant also urges that no privity was shown between defendant and the person who negotiated the settlement with plaintiff, paid him the consideration and had him execute the release. Our reading of the record satisfies us that this individual was a representative of the insurance company which assumed defendant's liability for accidents and hence this contention is unavailing.

The real question in the case is whether the release was procured by fraud and misrepresentation. Plaintiff testified that while he could write his name he could not read and that the person at whose suggestion he signed the paper misrepresented himself and misread it, leading plaintiff to believe that he was a representative of the city paying him compensation. In this he was to some degree sustained by a subscribing witness to the release, who could neither read nor write and signed it by a mark. The second subscribing witness was the representative of the insurance company. When, however, we come to consider all the circumstances of the transaction and the subsequent events, the alleged fraud and misrepresentation fade from the picture.

The injury to plaintiff appeared to be slight and he expected to return to work in a few days. On this assumption, the payment made to him was amply compensatory for any likely loss he would sustain. The accident took place on April 17, 1922. He returned to work in about a week, and continued at his occupation until July 10th, when ulcers which had developed on his legs

led him, acting on a doctor's advice, to stop working. Subsequently gangrene developed and on December 4th, because of this condition, his leg was amputated. He made no further claim on defendant between the time of his injury and the time of the operation, notwithstanding the fact that during part of it he was in a hospital. Subsequent to the operation, this suit was brought and the endeavor is made to associate the loss of the leg in December with the accident in the preceding April by testimony of surgeons whose evidence after a careful reading is to say the least unsatisfying on this point.

The trial judge properly ruled that the burden was on plaintiff to establish fraud in the obtaining of his signature to the release. We very carefully considered the principles which should be applied where the endeavor is made to overturn a release in Ralston v. Phila. Rapid Transit Co., 267 Pa. 257, and said speaking through the present Chief Justice (p. 265): "When evidence to set aside a release is not 'clear, precise and indubitable,' the issue 'should be withdrawn from the jury';......in such cases, it is the right and duty of the court to judge as to the sufficiency, in quality, of evidence to go to the jury, on a question of alleged fraud in the procurement of a release;......(p. 269) whether it [the evidence] meets the required standard which justifies its submission to the jury (to pass upon its truth) is always a question of law;.......some of the qualities required of evidence, to set aside a written instrument on the ground of fraud in its procurement, are that the witnesses depended upon for that purpose shall 'distinctly remember the facts to which they testify,' and 'narrate the details exactly.'" The principles announced in that case have been followed in all our subsequent cases and the rule reiterated that "whether the evidence, in such case, meets the required standard and justifies its submission to a jury, is a question of law for the court": Horsey v. Ciaroro, 280 Pa. 513; Leonard v. Coleman, 273 Pa. 62.

Acting on these principles the court below ruled as matter of law that appellant had not overcome the release because "The circumstances surrounding the execution of the release suggest nothing from which it could be concluded that plaintiff in any respect was taken advantage of;......both witnesses [plaintiff and one of those signing the release] were uncertain and doubtful with regard to many of the circumstances surrounding the signing of the paper and in all essential particulars were contradicted by the other witness." The court also determined that the plaintiff himself was not a credible witness, he having testified to continuous treatment at a hospital following the accident, which the hospital records failed to verify and having denied that he had ever had another accident or received medical attention as a result thereof, whereas a court record established that he had brought another suit for damages sustained by him in a collision with an automobile and a physician called by defendant testified that he had treated him for injuries thus sustained. Our reading of the record satisfies us of the correctness of these conclusions of the court below. Much point is made of the allegation that the insurance adjuster told plaintiff that he was being paid compensation. If this term was used, we are satisfied it was not employed for any deceitful purpose. It would apply, of course, to any payment made to cover his damages.

Furthermore, plaintiff did not return or offer to return the money he received for the release. Unless he did so he could not render it inoperative: Walker v. Harbison, 283 Pa. 111, 113.

Our examination of the assignments of error leads us to the conclusion that they are all without merit. They are, therefore, overruled and the judgment is affirmed.