431 A.2d 347

**George T. HESS and Stella E. Hess, Appellants,**

v.

**Daniel W. EVANS and Arlene Evans.**

Superior Court of Pennsylvania.

Argued June 14, 1979.

Filed June 19, 1981.

Petition for Allowance of Appeal Denied Sept. 4, 1981.

William C. Haynes, Lancaster, for appellants.

J. Michael Flanagan, Lancaster, for appellees.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

Plaintiffs, George T. Hess and Stella E. Hess, filed this action in trespass seeking damages arising from a collision on July 3, 1975 between a motor cycle driven by the plaintiff, George T. Hess, and an automobile driven by defendant, Arlene Evans. In their New Matter, defendants claim that plaintiffs are barred from maintaining this action because both plaintiffs voluntarily executed a release in favor of defendants and their insurance carrier.

Plaintiffs' reply alleges that the release is void because the plaintiff, George T. Hess, was ignorant of the nature of the instrument he signed and that the insurance agent took unfair advantages of plaintiffs' economic distress, acted in bad faith, and breached the agreement.

Written interrogatories submitted by the defendants were answered by the plaintiffs and one of the interrogatories contained the following information: "At the time plaintiffs signed the instrument (release to insurance company), they were under the impression that it was a partial and not a complete release. . . ." No further explanation was given as to what was meant by a partial release.

It is admitted by the parties that the plaintiffs received $3500.00 as consideration for the release and subsequently have received $5642.00 for lost wages and property damages. The plaintiff, George T. Hess, received $103.00 per week for 46 weeks for lost wages. In addition thereto, medical bills have been paid by the insurance company. There is outstanding, a medical bill in the sum of $337.50 which the insurance company has failed to pay.

At no time have the plaintiffs tendered back to defendant or the insurance company, any of the money paid to the plaintiffs as the result of this accident.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation. Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

The lower court granted defendants' Motion for a Summary Judgment and plaintiffs have appealed.

The issue to be decided in this matter is a very narrow one. It is whether the failure to tender back the consideration received at the time the release was signed, and subsequent thereto, constitutes a waiver of the fraud and affirmance of the contract.

It is the opinion of this Court that the plaintiffs cannot proceed in this matter by alleging that the release was obtained as the result of fraud and misrepresentation and at the same time retain the consideration that was paid to them. At the time the release was given, according to plaintiffs' interrogatories, they were aware of the fact that this was at least a partial release.

In *Walker v. Harbison*, 283 Pa. 111, 128 A. 732 (1925), the appellant sued to recover damages sustained as a result of drinking from a bottle of milk which allegedly contained broken glass. The defendant set up as a bar in the court below a release duly executed by appellant which absolved the defendant from all liability.

The release was attacked by appellant as being ineffective to bar his claim because it was executed when he was mentally incapable of entering into a binding contract.

The court stated, 283 Pa. at 113, 128 A. 732:

Where one whose reason is temporarily dethroned executes a release, and, after, his proper faculties have been restored, knowingly accepts the benefit of his contract, or appropriates money received to his use, he thereby ratifies the release giving to it the same force and effect as if executed when fully conscious.

It was interesting to note that the defendant argued that he spent the $150.00 he received as consideration for the release after he learned that it had been given by the defendant as settlement of his claim. The defendant attempted to excuse such conduct on the grounds of necessity that he used the money for living purposes. Again, the court stated, 283 Pa. at 113, 128 A. 732: "Even if true, such

necessity furnishes no legal reason for overthrowing the release."[1]  The court held that appellant had a duty to return the money to the defendant as soon as he learned who had given it to him if he sought to disavow his contract. His use of the money affected a ratification of the release.

In *Keys, Administratrix v. Hanscom Bros., Inc.*, 288 Pa. 389, 135 A. 860 (1927), the plaintiff worked as a street cleaner in Philadelphia and while so engaged, was injured when struck by the defendant's wagon.  The following day an adjuster for the insurance company that insured the defendant against liability paid the plaintiff $50.00 and the plaintiff executed a release.  The plaintiff admitted signing the release but claimed that the release should be set aside because it was procured by fraud and misrepresentation.

The court stated, 288 Pa.Super. at 393, 135 A. 860: "Furthermore, plaintiff did not return or offer to return the money he received for the release.  Unless he did so, he could not render it inoperative."

In *Nocito v. Lannuitti*, 402 Pa. 288, 167 A.2d 262 (1961), the plaintiff was injured by a motor vehicle driven by the defendant.  Twenty-three days after the accident, plaintiff signed a general release and received from the defendant's insurance carrier, a check for $125.00 which he cashed.  No money was returned by the plaintiff.  The court stated at page 290:

> If procurement of this release was by fraud, when Nocito discovered it, he had his choice either to disaffirm the contract and offer to return to Lannuitti or his insurance carrier the consideration for this release or to affirm the voidable contract and waive the fraud.  Nocito's failure to tender back the consideration after he discovered the alleged fraud constituted a waiver of the fraud and an affirmance of a contract.

The early cases of *Gibson v. Western N. Y. & P. R. R. Co.*, 164 Pa. 142, 30 A. 308 (1894), and *Laird v. Union Traction Co.*, 208 Pa. 574, 57 A. 987 (1904) are in accord.

1.  Plaintiffs make a similar argument claiming that plaintiffs signed the release because they were having economic problems and the act of defendants' insurance agent amounted to economic distress.

184

In the present case, the plaintiffs rely on *Jenkins v. Peoples' Cab Co.*, 208 Pa.Super. 131, 220 A.2d 669 (1963). In that case the plaintiff recovered a verdict against the Peoples' Cab Company in the amount of $2442.25. The cab company had obtained a release from the plaintiff shortly after the time of her injury. After the verdict was returned, the court then reconvened for the purpose of determining whether the release signed by the plaintiff barred her recovery. The plaintiff admitted she had executed the release and at that time, she had received $20.00. However, she contended that the release was secured through fraud and misrepresentation. It was her position that she did not know that she signed a release which would preclude her from recovery. She contended that the representative of the defendant did not explain that to her but rather that the representative had indicated the release was necessary to allow the cab driver to return to work and the $20.00 payment was to be used by her for cab fare. In this case, the appellants argued that the failure to return the $20.00 given upon execution of the release constituted a waiver of the alleged fraud. The Court distinguished the *Jenkins* case from the other cases cited above on the basis that the record did not indicate that the plaintiff discovered the fraud until after the litigation had commenced and the defendants' Answer raised the release as a defense. The evidence did not establish any knowledge on the part of the plaintiff that the document released the defendants from liability. In the absence of sufficient knowledge, there could be no waiver.[2]

Since George T. Hess and Stella E. Hess have admitted in their interrogatories that they were aware of the fact prior to suit that they had given a partial release, it appears that they should be barred from proceeding in this matter because they have not returned the consideration received. It is our opinion that the general rule that the plaintiffs must either return the money or tender it, otherwise, they are

2. The fact that the $20.00 was such a minimal amount may have also influenced the court in the *Jenkins* case.

In the present case, George T. Hess received money over an extended period of time.

deemed to have waived the fraud and ratified the contract, should be applied in the present factual situation.

In regard to the claim of $337.50 the defendants' insurance company allegedly owes the plaintiff for medical care the plaintiff received, we concur with the conclusion of the lower court that this is insufficient to relieve plaintiffs of their obligation under the release given. There has been substantial performance by the insurance company and if there is $337.50 due it may be obtained through a suit in assumpsit. *Schlein v. Gross*, 186 Pa.Super. 618, 142 A.2d 329 (1958).

We therefore affirm the decision of the lower court.