J-S33012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRUCE L. CLARK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYSBETH W. CLARK | : | No. 6 MDA 2019 |

Appeal from the Order Dated December 26, 2018
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-18-08912

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 06, 2019**

Bruce L. Clark ("Husband") appeals *pro se* from the order denying his petition to vacate the Qualified Domestic Relations Order ("QDRO") entered in the divorce action between Husband and Lysbeth W. Clark ("Wife").  After our review, we affirm.

The parties signed a post-nuptial agreement on December 27, 1984.  On July 8, 2016, Wife filed a petition to enforce the agreement.  The trial court granted Wife's petition.  In response, Husband filed various motions.  On July 14, 2016, Husband filed a motion to nullify the post-nuptial agreement and provide for possible reimbursement of payments already made, a second motion to cease and desist post-nuptial harassment, and a motion to modify the court's July 8, 2016, order granting Wife's petition to enforce the agreement.  The trial court denied these motions.  On July 27, 2016, Husband filed a response to Wife's petition to enforce.

On August 24, 2016, Husband filed a petition requesting a "Reason for the Denial of Each of the Parts of This Prior Motion." On August 30, 2016, Husband withdrew this petition, and on August 31, 2016, he refiled it. From September of 2016 to the beginning of December 2016, Husband filed eight various petitions; all but one were denied. Husband filed a petition for a QDRO on December 8, 2016, and the trial court scheduled the matter to be heard on December 13, 2016.

On December 15, 2016, the parties reached an agreement and executed a QDRO with respect to Wife's entitlement to a portion of Husband's pension. However, from January of 2017 through mid-November 2017, Husband filed six petitions challenging the validity of the post-nuptial agreement. These petitions were all denied. Husband filed an appeal to this Court and, in 2018, we affirmed the trial court's order denying Husband's motion for the "Determination of the Obvious Validity of the Defendant's and the Court's Documented Identical Versions of the Postnuptial Agreement of 1984." *See Clark v. Clark*, 1817 MDA 2017 (Pa. Super. filed 7/11/18) (unpublished memorandum). On February 6, 2019, our Supreme Court denied allowance of appeal. *See Clark v. Clark*, 201 A.3d 728 (Pa. 2019). Husband filed a "request for the explanation of the legal basis for the denial of the petition for allowance of appeal" on February 14, 2019, which our Supreme Court denied on March 27, 2019. *See* Order, 518 MAL 2018, 3/27/19.

In the interim, Husband continued to file petitions to nullify the post-nuptial agreement. On October 18, 2018, Husband filed a petition for

document certification as a new civil action, requesting that "his version" of the parties' agreement be certified. The matter was assigned to the Honorable Jeffrey D. Wright. On December 3, 2018, Judge Wright ordered the matter reassigned to the Honorable Thomas B. Sponaugle, who had presided over the parties' divorce action. This culminated in an order, dated December 6, 2018, in which Judge Sponaugle denied Husband's petition for document certification.

Husband then filed a petition with Judge Wright, seeking judicial reassignment. On December 21, 2018, Judge Wright denied that petition. On December 31, 2018, Husband appealed both the December 6, 2018 and December 21, 2018 orders. In this appeal, Husband seeks the following:

1. A formal recognition by this Court regarding exhibits B and C as the genuine version(s) of the post-nuptial agreement.

2. Acknowledgement by this Court that exhibit A is fraudulent.

3. For this Court to overturn the QDRO in local case #CI-1979-May-262, based on the finding of exhibit A to be fraudulent.

**See** Appellant's Brief, Summary of Appellant's Argument, at 1-2.[1]

Here, Husband once again argues about the validity of the parties' post-nuptial agreement and the denial of various motions pertaining to the agreement. Husband has attempted on numerous occasions to have the 1984 post-nuptial agreement nullified or declared invalid. The trial court

---

[1] We note that Husband's brief does not contain a separate statement of the questions involved. **See** Pa.R.A.P. 2111(a)(4).

determined that the doctrine of res judicata bars Husband from re-litigating this matter. We agree.

The doctrine of res judicata "reflects the refusal of the law to tolerate a multiplicity of litigation." *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1316 (Pa. Super. 1983). This Court has held that the doctrine of res judicata is an absolute bar when the two actions possess the following elements: (1) identity of the [issue] sued upon; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the capacity of the parties. *See Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. 1995). This protects litigants from assuming the burden of re-litigating the same issue, with the same party, and promotes judicial economy by preventing needless litigation. *McNeil v. Owens-Corning Fiberglass Corp.*, 680 A.2d 1145, 1147 (Pa. 1996). Our Supreme Court has interpreted the "modern doctrine of res judicata" as incorporating both claim preclusion, or traditional res judicata, and issue preclusion, or traditional collateral estoppel. *See id.*, at n.2.

To avoid application of res judicata, Husband attempts to distinguish between docket numbers involved in this ongoing litigation. *See* Appellant's Reply Brief, at 1. However, all of his claims in both cases concern the authenticity and enforcement of the post-nuptial agreement. Husband's claims have been thoroughly litigated, concluding in our Supreme Court denying review. Husband's persistent relitigation of these issues is barred by the doctrine of res judicata.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2019