## Abbott et ux. *v.* Automobile Finance Co., Appellant.

*Contracts—Subsequent agreement—Merger—Question of law—Bailment of automobile—Insurance on automobile—Judgment—Evidence—Order of proof—Equity—Obligation to sue on insurance policy.*

1. Whether or not prior written agreements are merged in a subsequent one, is a question of law for the court.

2. Where it appears that plaintiff and defendant in a suit in equity, who were parties to a lease of an automobile, to an insurance policy on the automobile, and to a judgment entered on the lease, agreed in writing to settle their differences in a manner stated in the agreement, such agreement is a merger of rights under the lease, policy and judgment for the purposes therein mentioned.

3. Until the conditions of such agreement are fulfilled, the rights under the prior instruments are held in statu quo.

4. If the agreement recites that plaintiff had an interest in the insurance policy and provides that defendant should bring suit on the policy for both, defendant cannot thereafter deny that plaintiff had an interest, or refuse to bring a suit on the policy because of an alleged defense that the insurance company might have, on the ground of plaintiff's improper use of the automobile.

5. Apart from the agreement, defendant, having the policy in its own name and control, was bound in good faith to use every reasonably available means to liquidate the claim or institute suit so that rights might not be prejudiced by its failure, or, if it declined to do so, to give plaintiff the right in its name, if necessary, to pursue such action as might be required to safeguard his rights.

6. Where the agreement stated that the policy had been taken out in part for plaintiff's benefit, such part of the agreement is admissible in evidence as substantive proof that plaintiff had such an interest.

7. The order of proof is largely in the discretion of the trial judge.

8. There can be no objection, in a case before a chancellor without a jury, in reading separate paragraphs of an agreement at the appropriate places; and, even before a jury, such reading would be proper if it was merely a repetition of what the agreement, offered generally, stated.

*Equity—Jurisdiction—Multiplicity of actions—Complete relief —Money payment.*

9. Where equity has taken jurisdiction to satisfy a judgment, it will, in order to avoid multiplicity of suits, afford complete relief by disposing of the whole controversy between the parties, of which the judgment is an incident; and this is the case even to decreeing a money payment.

Argued October 5, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 127, March T., 1926, by defendant, from decree of C. P. Allegheny Co., Jan. T., 1924, No. 1368, on bill in equity, in case of Michael F. Abbott et ux. v. Automobile Finance Co., Inc.   Affirmed.

Bill to enjoin proceedings on judgment, to compel satisfaction, and for pecuniary relief.   Before REID, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*H. D. Montgomery,* for appellant.—Under the evidence and the circumstances of this case the rights of the parties under the lease agreement and policy were not merged in the agreement of October 21, 1922, so that plaintiff could recover from defendant thereon.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee.— The question as to whether one agreement is superseded or supplied by another is a question of intention; whether a prior written agreement is merged in a subse-

quent written one, we believe to be a question of law: Jones v. Johnson, 3 W. & S. 276; Grace Contracting Co. v. Ry., 259 Pa. 241; Charles v. Scott, 1 S. & R. 294.

OPINION BY MR. JUSTICE KEPHART, November 29, 1926:

The facts of this case being of interest only to the parties, we will endeavor to confine our statement of them to as narrow a compass as the decision of the case requires.  Appellee, Abbott, purchased from the Coulter Company, an automobile.  The price was $3,961, payable one-half in cash, the balance in twelve monthly installments to be covered by a lease, afterwards assigned to the Finance Company, this appellant.  The lease required insurance to be taken out on the property; this was done in the sum of $3,000 for the benefit of both parties.  While the original policy was not in the same company that held it when the loss occurred, the court below finds as a fact that the later policy was for the benefit of Abbott and the Finance Company.  The car was destroyed by fire; at that time the balance due was $1,320, and Abbott claimed he was entitled to the difference between that sum and $3,000, the face of the insurance policy.

He notified appellant to proceed under the policy by filing a proof of loss and collecting the amount of the insurance.  It neglected to do either but entered the notes given to secure the lease, issued an execution and seized Abbott's automobile.  A rule was then taken to open this judgment.

On this statement appellee had undoubtedly a claim under the policy, and on appellant's theory a questionable one when it proceeded on his notes.  The parties, however, amicably agreed on a "method of settling their present differences."  This was by a writing wherein was recited all prior transactions as we have stated them.  The proceedings, judgment and execution, were to remain in statu quo until the suit hereinafter mentioned was determined; the Finance Company agreed to

proceed against the Insurance Company under the policy and prosecute its claim with due diligence. In event of the suit being lost because no proof of loss had been filed, then the Finance Company should return the cost and expenses paid on account of that litigation by the appellee, and satisfy the judgment of record. He was not to be prejudiced by anything in the agreement in recovering the difference between the sum then due on the car and the amount named in the policy. If the suit was lost because appellee used the automobile for the carriage of passengers for hire, forbidden by the policy, then the Finance Company retained all its rights under the original papers (i. e. lease and judgment note) to the same extent as though the agreement had never been executed. If, however, the suit was successful, then the Finance Company was to discharge the balance due it and remit the remainder to appellee.

The Finance Company, though obligated under its contract to prosecute the suit against the Insurance Company, declined to do so and sets up two reasons why suit was not necessary.

First, it was not required to do a vain thing; the fact, it says, was indisputable that the automobile had been used for hire, and this record shows it. Appellee admitted he bought the car for hiring out, and the policy permitted its use for this purpose for a week after its purchase. It was denied he hired the car out for any purpose. The evidence does not close the question. The statement of Wray shows a use at odd times for funeral purposes. We need not decide whether this was the kind of use prohibited, or whether it referred to a general hiring, like a "taxi-cab" hiring. This statement was not helpful, as Wray's record shows this car was used a number of times after the fire in which it was destroyed. It was not conclusive or even dependable.

But the "method of settlement" of this dispute was to be by jury trial, where the use and its character could be determined under the policy. The court below was

justified in rejecting the finding that the car had been so used, and holding such defense was not available at this date.

Second, the policy of insurance being in the name of the Finance Company, appellee had no claim in it on which recovery could be had; he had no standing to enforce a demand on appellant to bring suit. Appellant argues that it could destroy the policy (if it so desired), limiting its right to recover on the notes and lease, and appellee could not complain.

Possibily this might be true if it were the whole story, but in the agreement for the "method of settling their present differences," it is stated that Abbott "had an interest, subject to that of the Finance Company in the insurance policy." The court below finds, as a fact, that Abbott paid the premium. Why was it necessary to insure in the sum of $3,000 if appellant's interest alone, amounting to $1,800, was all that was involved? Appellant, in its proof of loss, states "the automobile belonged ....to....the Finance Company and M. F. Abbott and ....at the time of loss to....the Finance Company and no other person." This was sworn to and appellant cannot now contradict it.

These reasons, relied on by the Finance Company, do not excuse it for failure to sue on the policy in its possession. Moreover, aside from the agreement, where one has insurance or other security in his name, possession and control, which is for the protection of another, he is bound in good faith to use every reasonably available means to liquidate the claim or institute suit so that rights may not be prejudiced by his failure, or, if he declines to do this, then he should give the beneficiaries the right, in his name if necessary, to pursue such action as may be required to safeguard their rights, provided he, the holder, is protected from loss. See Miller v. Trust Company, 285 Pa. 472, 485.

Separate paragraphs of the agreement that had been admitted generally were permitted to be read in the

record where they were appropriate to the evidence. This was objected to. The order of proof is largely in the discretion of the trial judge. Where the evidence is to be reviewed by a chancellor without a jury and the practice of reading paragraphs of an agreement at appropriate places is followed, we see no reason why it should be disturbed. There can be no possible harm to appellant from it and it is very helpful in the trial. Nor would we hold that he erred by so proceeding if the case were before a jury. It is merely a repetition of what the agreement, offered generally, stated, but placed in a more enlightening and intelligible manner. The court below was not in error in admitting the paragraphs.

It is said, however, that the paragraphs were received as substantive proof of the matters therein stated. So they should be. It is like an agreement as to facts on which an adjudication is based. It does away with the necessity of taking evidence to substantiate them. When appellant agreed that an insurance policy was taken out in part for the benefit of the appellee, it meant exactly what it said; the statement in the agreement met the burden by proving that fact.

When the agreement was executed, it was, pro tanto, a merger of rights under the lease, the judgment and the policy, for the purpose therein mentioned. When the conditions stated in the agreement happened, these instruments were released, assuming full force and effect. But if other matters arose as contemplated by the same agreement, then these instruments were to be null and void. Appellant contends that there was no merger. Whether or not prior written agreements are merged in a subsequent one is a question of law for the court: Jones v. Johnson, 3 W. & S. 276; Grace v. Norfolk Ry., 259 Pa. 241, 247, 248; Charles v. Scott, 1 S. & R. 294.

The clear intention of the parties was to affect a merger of all these instruments subject to the terms then mentioned. Until the conditions of the agreement were

fulfilled, the rights under the prior instruments were held in statu quo. The outstanding act to be done was, the Finance Company must sue; this it refused to do. It cannot, in this manner, nullify and set aside the purpose of the agreement, or leave Abbott helpless; equity, having taken jurisdiction of this bill to satisfy mortgages and judgments and to avoid a multiplicity of actions, will afford complete relief by disposing of the whole matter in controversy between the parties: Miller v. Trust Company, 285 Pa. 472, 485. By this act, the Finance Company breached the agreement and must suffer the penalty that follows a failure to serve its proof of loss within the time required by the policy. This need not stand as an inference from its neglect, but is shown to be a fact.

Appellant, because of its default, must place Abbott in the position he would have been in had the agreed action been successfully carried out. Abbott may recover the difference between the sum due under the lease at the time when the car was destroyed and the amount of the insurance policy. If appellant loses part of its purchase price it is due to its own neglect.

It is urged, however, that the agreement did not contemplate a decree ordering this payment. Appellant omits a very important consideration. If it lost the suit because of a failure to serve its proof of loss in time, which is adjudicated against it, the appellee was, by the agreement's concluding paragraph, to have all the rights and remedies he might have had, as to this sum, the same as if the agreement had not been written. Equity, under its broad powers, on the principle stated above, will settle all matters between the parties and will afford the relief such as the court below ordered here.

After a careful consideration of all the matters and of all the assignments of error, the decree of the court below is affirmed at the cost of appellant.