## Sultan, Appellant, v. Stoer.

404

Argued April 24, 1939.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph A. Kean,* with him *Francis Macomb Gumbes,* for appellant.

*Arthur Kitson, Jr.,* and *Middleton, Blakeley & Richardson,* for appellee, were not heard.

PER CURIAM, June 19, 1939:
Appellant filed a bill in a federal court in Florida, seeking an accounting from appellee. The latter denied the material allegations of the bill, and at a hearing submitted evidence that he was not under an obligation to account. The judge decreed in favor of appellee, with

the express finding that he had accounted for all moneys due to appellant. Appellant, some years later sued in trespass for conversion, in the court below, on the same cause of action. A judgment of non pros. was entered, which this Court vacated, ordering the case certified to the equity side of the court.

Appellant filed the present bill in equity on the identical cause of action. Appellee again denied the material allegations of the bill and, by way of new matter, pleaded the Florida decree as res judicata. His answer was accompanied by a copy of the pleadings and the decree of the federal court. Appellant sought to avoid the plea by replying that the Florida decision was not on the merits of the case. Appellee's preliminary objections to this reply were overruled by the court below, apparently because the testimony presented at the Florida hearing was not included in the exhibits.

A hearing was held on March 30, 1938, at which the court below proceeded, over appellant's objection, to hear evidence on the plea of res judicata. Before any other testimony was introduced, appellee offered the entire record in the Florida proceedings. Counsel admitted the substantial identity of the two causes, whereupon the court below held appellant barred by the former adjudication of the case in Florida.

In our examination of the record we find both cases clearly involve the same cause of action. Although there was some discussion in the Florida opinion of the alleged wrong as a tort, it referred to the matter here in issue. Moreover, there was testimony on the right to an accounting, and the court expressly found that no such right existed.

The first appeal to this Court in no way affected the right of appellee to plead res judicata in the subsequent equity proceeding. Nor was such right lost when the preliminary objections were overruled. The effect of this ruling was to hold that appellee could not rely solely on the pleadings but would have to prove the

defense at the hearing. Had the entire record been included in the answer, unless appellant denied that it was a true record of that proceeding, the result would have been the same as the decree now before us.

The trial court adopted the proper proceeding in disposing of the issue before deciding the case on the merits. It could have heard appellant's case and permitted appellee as part of his case to then offer the Florida record. However, the order of proof is largely a matter within the chancellor's discretion. See *Abbott et ux. v. Auto Finance Co.*, 287 Pa. 505, 510. And his action here saved the time of the court and the expense of trial.

Decree affirmed at appellant's cost.