Agate, Appellant, *v.* Dunlevy.

Argued November 16, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

*Michael C. Rainone,* for appellant.

*Albert C. Gekoski,* for appellee.

28

Plaintiff was injured as the result of being struck by a bicycle ridden by the minor defendant. The case was for the jury and the only questions before us have to do with alleged trial errors.

It would appear that at the end of plaintiff's evidence but before he had rested his case, plaintiff's counsel, at side bar, told the court he would "like to call the defendant as on cross-examination." The court refused to permit this to be done, saying "I state for the record that earlier today in the course of trial I asked you specifically whether you were finished in presenting your testimony on liability. You assured me that you were. We thereupon discussed the case and I made certain observations. Under the circumstances I feel that it would be unfair to the defendant to permit you to call him as on cross-examination, and therefore I will refuse your request and will grant you an exception." The trial judge also tells us in the opinion which he filed that "On three separate occasions in chambers, plaintiff's attorney assured the Trial Judge that he had no further evidence on liability, and that he had concluded his case on that issue. After these assurances and after the clear understanding between plaintiff's attorney and the Trial Judge that no further liability testimony would be heard, plaintiff's attorney asked the Trial Judge what further liability testimony he might have produced. The Trial Judge responded to this informal and seemingly academic question by stating that plaintiff's attorney might have called the defendant as on cross-examination. At this point, plaintiff's attorney asked the Court's permission to do so, which was refused."

This refusal of the court below to permit defendant to be called as on cross-examination goes further than a mere control of the order of proof. Clearly such con-

trol is in the sound discretion of the court. *Sultan v. Stoer,* 335 Pa. 403, 6 A. 2d 809. Also, under Rule 224 of the Pennsylvania Rules of Civil Procedure the court may compel the plaintiff in any action to produce all his evidence upon the question of the defendant's liability before he calls any witness to testify solely to the extent of the injury or damages. However, here the plaintiff had already called both his liability and medical witnesses and what he sought to do was specifically authorized by the Act of May 23, 1887, P. L. 158, §7, 28 P.S. §381.[1] Had the plaintiff called the defendant at any time prior to calling his medical witnesses he would have been exercising a statutory right. His right to call the defendant after putting in his medical testimony was subject to the exercise of the sound discretion of the court. Such discretion, however, is not arbitrary but legal. It must be exercised on the basis of balancing the respective rights of the parties. It is contended here by defendant that to have permitted plaintiff to call him under the circumstances would have been "unfair". There is not the slightest merit to that suggestion. No reason whatever appears in the record, or has been suggested to us, how the defendant would have been in any way harmed had plaintiff been permitted to call him. On the other hand, the right of plaintiff to call witnesses, including the defendant, is too important to the administration of justice to be denied except for the most compelling reasons. No such compelling reason is present here. The refusal to allow plaintiff to call defendant as if on cross-examination was an abuse of discretion.

---

[1] The Act provides: "In any civil proceeding . . . a party to the record, or a person for whose immediate benefit such proceeding is prosecuted or defended, . . . or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examination, subject to the rules of evidence applicable to witnesses under cross-examination, . . ."

This error was further magnified later in the case, when, having denied defendant's motion for nonsuit, the trial court restricted cross-examination of the defendant, who had taken the stand in his own defense, to the subject matter of his direct examination. The court below said: "You are limited in your cross-examination to this witness' testimony in direct examination." The distinction between cross-examination of witnesses and cross-examination of parties must always be kept in mind. It is true that the trial judge should restrict cross-examination of witnesses to the subject matter covered by his testimony on direct examination but no such rule applies to parties. A party to litigation who offers himself as a witness does so generally as to all relevant matters.[2] See *Tolomeo v. Harmony Short Line Motor Transp. Co.*, 349 Pa. 420, 37 A. 2d 511; *Greenfield v. Philadelphia*, 282 Pa. 344, 127 Atl. 768; *Albrecht v. Erie City*, 265 Pa. 453, 109 Atl. 153. There is no question but that plaintiff's attempted cross-examination of defendant as to the circumstances surrounding the accident and the accident itself was relevant, and proper. The refusal to allow this cross-examination was also an abuse of discretion.

The judgment is reversed and a venire facias de novo is awarded.

---

[2] We are not to be understood as altering the long standing rule that a defendant should not be permitted to put in his defense under cover of cross-examination of plaintiff.