Nocito, Appellant, *v.* Lannuitti.

Argued November 28, 1960.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Joseph S. Lord, III,* with him *John J. McCarty,* and
*Richter, Lord & Levy,* for appellant.

*R. L. Goerwitz, Jr.,* with him *John J. McDevitt, 3rd,*
for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 16, 1961:

This is an appeal from a judgment entered in a trespass action upon a verdict directed by the court.

On May 27, 1956 an accident occurred at the intersection of Tenth and Shunk Streets, Philadelphia, between a motor vehicle driven by John Nocito and a motor vehicle driven by Pasquale Lannuitti. Twenty-three days after the accident, Nocito signed a general release of all claims and rights of action arising out of this accident and received from a representative of Lannuitti's insurance carrier a check for $125 which Nocito endorsed, cashed and the proceeds whereof he still retains.

Nocito instituted a trespass action against Lannuitti in the Court of Common Pleas No. 3 of Philadelphia County. Nocito alleged that the general release which he had executed was procured by fraud on the part of the adjuster for Lannuitti's insurance carrier and at trial he testified to the circumstances surrounding the execution of this release and the receipt by him of a check for $125. At the completion of the testimony, the trial court gave binding instructions to the jury to find a verdict for Lannuitti. After verdict, plaintiff's motion for a new trial was dismissed by the court en banc and this appeal was taken.

The court below in its opinion supported the direction of a verdict for Lannuitti upon two grounds: (1) that Nocito failed to sustain his burden of proving that the release was procured by fraud and (2) that Nocito did not, after "discovering" the alleged fraud, return the consideration for the release to Lannuitti or his insurance carrier.

We are satisfied from an examination of this record that the court below was correct in its direction of a verdict for Lannuitti. It was Nocito's burden to prove that this release was procured by fraud and the evidence in proof thereof had to be clear, precise and indubitable: *Doneyho v. Scottdale Connecting R. R. Co.*, 330 Pa. 207, 199 A. 162; *Stafford v. Reed*, 363 Pa. 405, 70 A. 2d 345; *Gerfin v. Colonial Smelting & Refining*

*Company,* 374 Pa. 66, 97 A. 2d 71. The evidence produced by Nocito at trial fell far short of the standard and quality of proof necessary to sustain his allegation of fraud.

If the procurement of this release was by fraud, when Nocito discovered it he had his choice either to disaffirm the contract and offer to return to Lannuitti or his insurance carrier the consideration for this release or to affirm the voidable contract and waive the fraud. Nocito's failure to tender back the consideration after he discovered the alleged fraud constituted a waiver of the fraud and an affirmance of the contract: *Walker v. Harbison,* 283 Pa. 111, 128 A. 732; *Corporation Funding & Finance Co. v. Stoffregen,* 264 Pa. 215, 107 A. 727.

An examination of this record clearly sustains the action of the court below.

Judgment affirmed.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.