## McKean *v.* S. S. Kresge Company, Appellant.

Argued March 21, 1961.   Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Henry T. Reath,* with him *Reeder R. Fox,* and *Duane, Morris & Heckscher,* for appellant.

*Martin Heller,* with him *Maximillian J. Klinger,* for appellee.

OPINION BY ERVIN, J., June 15, 1961:

The plaintiff, Elsie McKean, brought an action in trespass to recover damages from the defendant, S. S. Kresge Co., allegedly suffered when plaintiff fell on the floor in one of defendant's stores.   A verdict was returned by a jury in favor of the plaintiff in the sum of $3,780.00.   After the dismissal of motions for a new trial and judgment n.o.v., a judgment was entered on the verdict for the plaintiff and the defendant appealed.   We feel that the action of the court below in dismissing the motion for judgment n.o.v. was proper but that a new trial must be granted.

The plaintiff, in direct examination, testified that the condition of her health immediately before the accident was very good. She also testified: "Q. Well, had you ever had any difficulty with your back at any time prior to this accident? A. Never in my life. Q. Had you ever been to any doctor for complaints of pain in your back? A. Never in my life."

In cross-examination, when plaintiff was asked whether she had ever had any accidental injuries prior to this accident, an objection to the question was sustained. When plaintiff was asked in cross-examination whether she had at any time been hospitalized in the ten years preceding the date of the accident, an objection to the question was also sustained. In our judgment this constituted such error as to make necessary the granting of a new trial.

As the plaintiff testified that her health was very good immediately prior to the accident, it is in effect an assertion that her present discomfort was not caused by any prior accidents or conditions and defendant is entitled to impeach such testimony by way of cross-examination. The Pennsylvania courts have established a liberal rule concerning the proper scope of cross-examination. In *Conley v. Mervis*, 324 Pa. 577, 582, 188 A. 350, the Court said: "Therefore it may be regarded as definitely settled that cross-examination may embrace any matter germane to the direct examination, qualifying or destroying it, or tending to develop facts which have been improperly suppressed or ignored by the plaintiff."

Applying this rule to cross-examination of parties, the Court stated in *Jess v. McMurray*, 394 Pa. 526, 147 A. 2d 420: "The rule that the scope of cross-examination may not properly exceed the scope of the direct is not applicable where a party to the action offers himself as a witness. He may be cross-exam-

ined freely as to any matter relevant and material to the issues."

In *Agate v. Dunlevy,* 398 Pa. 26, 30, 156 A. 2d 530, the Court stated: "The distinction between cross-examination of witnesses and cross-examination of parties must always be kept in mind. It is true that the trial judge should restrict cross-examination of witnesses to the subject matter covered by his testimony on direct examination but no such rule applies to parties. A party to litigation who offers himself as a witness does so generally as to all relevant matters."

These questions were relevant and material both on the question of credibility of the party plaintiff and also on the question of damages.

In view of our disposition of the case on this point we deem it unnecessary to consider the other points raised by the appellant.

Judgment is reversed and a new trial is granted.