Swanger, Appellant, *v*. Pyles.

Argued June 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*H. Rank Bickel, Jr.,* for appellant.

*L. E. Meyer,* with him *Meyer, Brubaker & Whitman,* for appellee.

OPINION BY ERVIN, J., September 17, 1964:

This appeal is concerned with the right of the trial judge to regulate the order of proof.

The facts are as follows: A complaint in trespass was brought by Joan A. Swanger, a married woman, for damages sustained in an automobile collision. The defendant filed an answer in which, under "New Matter," he pleaded a release of liability for damages occasioned as a result of the accident. The plaintiff answered the new matter by averring that the release was void because of fraud practiced on the plaintiff in the procurement of the release. After a pre-trial conference the court below ordered that the case be tried in two phases. The first phase was to be on the issue of the validity of the release and the second phase on the matter of negligence and damages. At the conclusion of the plaintiff's case on the question of the validity of the release, the court below granted defendant's motion for binding instructions. Plaintiff has appealed after the dismissal of her motion for a new trial.

Counsel for the appellant raises three questions: (1) Did the court below have the right to order a split trial of the issues of validity of the release and the matter of negligence and damages. (2) Assuming that

the court did have the right to order a split trial of the issues, did the court err in granting defendant's motion for binding instructions at the conclusion of the plaintiff's case on the question of the validity of the release before the release was ever offered in evidence except at the court's direction. (3) Was it prejudicial error for the court to direct the defendant to offer the release in evidence.

Prior to the present Rules of Civil Procedure the trial court was allowed a broad discretionary power to regulate the order of proof in order to save the time of the court, the attorneys, the litigants and their witnesses and the expense of trial: *Sultan v. Stoer,* 335 Pa. 403, 406, 6 A. 2d 809; *Abbott v. Auto. Finance Co.,* 287 Pa. 505, 510, 135 A. 223; *First National Bank v. Baird,* 300 Pa. 92, 150 A. 165.

Pa. R. C. P. No. 224 recognized this power of the trial judge and provided that "The court may compel the plaintiff in any action to produce all his evidence upon the question of the defendant's liability before he calls any witness to testify solely to the extent of the injury or damages."

Pa. R. C. P. No. 213(b) authorizes the court on its own motion to order a separate trial of any issue or issues and Pa. R. C. P. No. 126 provides that the rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.

Prudent judicial administration required the court to regulate the proofs and, in multi-issue trials, first hear the evidence bearing upon terminal issues properly raised by the pleadings, and make a judgment upon them before passing on to other dependent matters. In this day of crowded court calendars and backlogs of cases, it is more important than ever that trial courts be permitted to regulate the order of proof to save time.

In the present case the trial court properly determined that no fraud was practiced in the procurement of the release of damages and he gave binding instructions to the jury accordingly. It would have been a waste of time to go into the question of negligence, contributory negligence and damages when the release of damages provided a terminal issue of the controversy. We strongly endorse the action of the court below in this case.

Under Pa. R. C. P. No. 213(b) above referred to, the trial court clearly had the power to order a separate trial of the issue relating to the validity of the release. The release was pleaded in the new matter and the trial judge properly directed the attorney for the defendant to offer it in evidence. It is true that the plaintiff had the burden of proving fraud in the procurement of the release but we can see no error in the court's direction to the defendant to offer the release in evidence. Its execution was admitted by the plaintiff's answer to new matter and the release therefore was admissible in evidence. The plaintiff then had the burden of going forward and producing evidence to show fraud in the procurement of the release. The plaintiff produced all of her evidence on this point and the trial judge properly found that it did not meet the test set forth in the case of *Nocito v. Lannuitti,* 402 Pa. 288, 167 A. 2d 262.

Judgment affirmed.