**Rule 611. Mode and Order of Examining Witnesses and Presenting Evidence**

**(a)**    **Control by the Court; Purposes.**  The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

   **(1)**    make those procedures effective for determining the truth;

   **(2)**    avoid wasting time; and

   **(3)**    protect witnesses from harassment or undue embarrassment.

**(b)**    **Scope of Cross-Examination.**  Cross-examination of a witness other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility, however, the court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.  A party witness in a civil case may be cross-examined by an adverse party on any matter relevant to any issue in the case, including credibility, unless the court, in the interests of justice, limits the cross-examination with respect to matters not testified to on direct examination.

**(c)**    **Leading Questions.**  Leading questions should not be used on direct or redirect examination except as necessary to develop the witness's testimony.  Ordinarily, the court should allow leading questions:

   **(1)**    on cross-examination; and

   **(2)**    when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.  **A witness so examined should usually be interrogated by all other parties as to whom the witness is not hostile or adverse as if under redirect examination.**

**Comment**

Pa.R.E. 611(a) is identical to F.R.E. 611(a).

Pa.R.E. 611(b) differs from F.R.E. 611(b). F.R.E. 611(b) limits the scope of cross-examination of all witnesses to matters testified to on direct and matters bearing on credibility, unless the court in its discretion allows inquiry into additional matters as if on direct examination.  This has been the traditional view in the Federal courts and many State courts.  The cross-examiner does not lose the opportunity to develop the evidence because, unless the witness is the accused in a criminal case, the cross-

examiner may call the witness as his or her own.  Therefore, the introduction of the evidence is merely deferred.

Pa.R.E. 611(b), which is based on Pennsylvania law, applies the traditional view in both civil and criminal cases to all witnesses except a party in a civil case.  Under Pa.R.E. 611(b), a party in a civil case may be cross-examined on all relevant issues and matters affecting credibility.  *See Agate v. Dunleavy*, **[398 Pa. 26,]** 156 A.2d 530 (**Pa.** 1959); *Greenfield v. Philadelphia*, **[282 Pa. 344,]** 127 A. 768 (**Pa.** 1925).  However, in both of those cases, the Court stated that the broadened scope of cross-examination of a party in a civil case does not permit a defendant to put in a defense through cross-examination of the plaintiff.  The qualifying clause in the last sentence of Pa.R.E. 611(b) is intended to give the trial judge discretion to follow this longstanding rule.

When the accused in a criminal case is the witness, there is an interplay between the limited scope of cross-examination and the accused's privilege against self-incrimination.  When the accused testifies generally as to facts tending to negate or raise doubts about the prosecution's evidence, he or she has waived the privilege and may not use it to prevent the prosecution from bringing out on cross-examination every circumstance related to those facts.  *See Commonwealth v. Green*, **[525 Pa. 424,]** 581 A.2d 544 (**Pa.** 1990).  However, when the accused's testimony is limited to a narrow topic, there is some authority that the scope of cross-examination may be limited as well.  *See Commonwealth v. Camm*, **[443 Pa. 253,]** 277 A.2d 325 (**Pa.** 1971); *Commonwealth v. Ulen*, **[414 Pa. Super. 502,]** 607 A.2d 779 (**Pa. Super.** 1992), *rev'd on other grounds*, **[539 Pa. 51,]** 650 A.2d 416 (**Pa.** 1994).

Pa.R.E. 611(c) differs from F.R.E. 611(c) in that the word "redirect" has been added to the first sentence.  This is consistent with Pennsylvania law.  *See Commonwealth v. Reidenbaugh,* **[282 Pa.Super. 300,]** 422 A.2d 1126 (**Pa. Super.** 1980).  **Additionally, the last sentence of Pa.R.E. 611(c)(2) includes a clause providing that when the court gives permission to use leading questions to a party who has called a hostile witness, an adverse party or one identified with an adverse party, the court should not extend that permission to other parties to whom the witness is not hostile or adverse.**

**A party who calls a hostile witness, adverse party or one identified with an adverse party may use leading questions because these witnesses are "unfriendly" to the party calling them and there is little risk that they will be susceptible to any suggestions inherent in the questions.   The risk of susceptibility to suggestion is present, however, when a party to whom the witness is "friendly" (*i.*e. to whom the witness is not hostile, an adverse party or one identified with an adverse party) interrogates the witness.  The last clause of Pa.R.E. 611(c) restricts the use of leading questions by a party to whom the witness is "friendly."   The word "usually", however, was included to give the**

2

**court discretion to permit leading questions in an appropriate case. For example, leading questions may be appropriate when the testimony of a witness who was called and examined as a hostile witness by one party substantially harms the interest of another party with whom the witness is neither friendly nor unfriendly.**


Note: Adopted May 8, 1998, effective October 1, 1998; rescinded and replaced January 17, 2013, effective March 18, 2013; **amended September 18, 2014; effective immediately**.

Committee Explanatory Reports:

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013)**; Final Report explaining the September 18, 2014 amendment published with the Court's Order at 44 Pa.B.      (                 , 2014)**.