J-A02029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MARTIN MUSSER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| C. WAYNE COMPANY, L.P. | |
| | No. 1250 MDA 2015 |

Appeal from the Order Entered June 23, 2015
in the Court of Common Pleas of Centre County Civil Division
at No(s): 2015-422

BEFORE: PANELLA, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MAY 31, 2016**

Appellant, Martin Musser, appeals from the order of the Centre County Court of Common Pleas that sustained the preliminary objection of Appellee, C. Wayne Company, L.P., raising the defense of collateral estoppel. Appellant concedes he waived an objection to the presentation of an affirmative defense in a preliminary objection, but claims the trial court erred in sustaining the objection by looking beyond the pleadings and determining that his prior action resolved the same issue presented in the present action. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The ongoing dispute between the parties concerns the former property of Amy Musser, Appellant's mother, on which there is a barn/home. Appellant suffered head trauma as a result of an accident when he was a teenager. Amy Musser died in 2001, and in her will, she transferred the contested property "to a Trust for the use and benefit [Appellant] if he survives me by thirty days." *See* Ex. B, Appellant's Compl., 1/26/15. One of the conditions of the trust was set forth as follows:

> I direct that [Rick Brooks, the executor of the estate and the trustee] permit [Appellant] to reside in and utilize my barn/home and land for as long as he is able. If he is no longer able to maintain the property, or does not desire to live there, the Trust is to terminate and the property is to be transferred by my Trustee to the Supervisors of Gregg Township for the use and benefit of citizens of Gregg Township in any manner they deem appropriate and in their absolute and unfettered discretion.

*Id.*

As it is material to this appeal, we set forth the following background regarding Appellant's prior action regarding the contested property.

> By deed dated August 14, 2002, [Brooks] conveyed [the contested] property to Gregg Township Supervisors, reserving a conditional life estate for [Appellant,[1]] after determining that [Appellant] did not desire to live there and advising [Appellant] of his intentions. [Appellant] did not object. No member of [Appellant's] family objected. [Brooks] transferred the property in order to reduce the

---

[1] The August 14, 2002 indenture read, in relevant part, that Brooks "does transfer and convey said property to **SUPERVISORS OF GREGG TOWNSHIP**, **UNDER AND SUBJECT TO THE RIGHT OF [APPELLANT] TO RESIDE IN OR UTILIZE THE PROPERTY FOR AS LONG AS HE IS ABLE**." Ex. B., Appellant's Compl.

taxes that were being paid out of the trust. [Brooks] maintained the residue of the estate for [Appellant's] benefit, and accounted for all trust funds. Gregg Township continued to allow [Appellant] to use the property, though [Appellant] has never lived there. In 2011, after speaking to [Appellant] and [Appellant's] family, the Supervisors of Gregg Township advertised the property for sale, and the successful bidder was [Appellee].

[Appellant] filed his Complaint—Petition in Equity on December 19, 2011, seeking the following relief: (1) an accounting; (2) declaration that the deed dated August 14, 2002[,] be declared null and void because of the breach of fiduciary duty by [Brooks]; (3) imposition of a constructive trust and appointment of a new trustee; (4) injunctive relief barring the Supervisors of Gregg Township from completing the sale to [Appellee]; and (5) imposition of a resulting trust.

A non-jury trial was held before [the trial court] on April 10, 2013. At the conclusion of [Appellant]'s case, [ ] Defendants moved for a demurrer without presenting witnesses or evidence. The [c]ourt granted the demurrer because it found that [Brooks] followed the directions in [Amy Musser's] Will. The [c]ourt found that [Brooks] had properly exercised his authority to transfer the property. An Order was entered on April 18, 2013, dismissing all claims and parties.

*Musser v. Gregg Twp. Supervisors*, 1690 MDA 2013 (Pa. Super. July 25, 2014) (unpublished memorandum at 2-3 (quoting Trial Ct. Op., 9/10/13, at 2-3)), *appeal denied*, 789 MAL 2014 (Pa. Feb. 18, 2015). Appellant filed a post-trial motion to remove the nonsuit, which the trial court denied as follows:

AND NOW, on this 10th day of September, 2013, [Appellant's] Motion for Post Trial Relief is DENIED. The property was transferred to [Appellee] on October 13, 2011 after Gregg Township Supervisors advertised the property for sale and [Appellee] was the highest bidder.

> **[Appellant], who has not desired to live in the property since 2002, no longer maintains any interest in the property**.

Order, 9/10/13 (emphasis added). This Court affirmed the September 13, 2010 order, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on February 18, 2015. *See Musser*, 1690 MDA 2013 at 4-5.

Meanwhile, on December 11, 2014, the Supervisors of Gregg Township deeded the contested property to Appellee. The deed described the contested property as: "**ALSO BEING** the same premises which Richard Brooks, Executor of the Last Will and Testament of Amy Musser, granted and conveyed unto Supervisors of Gregg Township . . . ." Ex. A, Appellant's Compl. Next to that description, the following statement appeared in a distinctive manner: "The life estate claim of [Appellant] was extinguished by Order of Centre County Court of Common Pleas dated 9/10/13. Docket No. 2011-4845." *Id.*

On January 26, 2015, Appellant commenced the present action against Appellee by filing a complaint. Appellee filed preliminary objections on March 19, 2015, challenging, in part, Appellant's capacity to bring suit in his own right. In response, Appellant, though his guardian *ad litem*, Susan Musser, filed an amended complaint on April 1, 2015, alleging Appellee posted "No Trespassing" signs in January 2015 and he did not enter the

property thereafter, fearing criminal prosecution. Appellant's Am. Compl., 4/1/15, at ¶¶ 9, 11. Appellant sought the following relief:

> [Appellant] therefore prays that this [c]ourt provide [him] with the following equitable remedy in accordance with the law of equity in the Commonwealth of Pennsylvania; that is, that [Appellee] be barred from interference with [his] continuing right to use the property pursuant to the life estate granted to him, that [Appellee] remove all signage, and that [Appellee] be enjoined from [his] use of the property and structures located thereon until the termination of the life estate.

*Id.* at ¶ 14.

Appellee filed preliminary objections to the amended complaint, claiming, in relevant part, that Appellant was attempting "to retry the [prior] case" and had "no interest in the property." Appellee's Prelim. Objections, 4/20/15, at ¶¶ 6-7. Appellee asserted that the trial court in the prior case "was persuaded that [Appellant] had abandoned his interest in the subject property and therefore his interest had lapsed and the Trustee could therefore transfer the property pursuant to the authority granted him under the will of [Amy Musser]." *Id.* at ¶ 6. Appellant answered the preliminary objections on April 28, 2015, and denied the objection based on collateral estoppel as conclusions of law. Appellant's Answer to Appellee's Prelim. Objections to Am. Compl., 4/28/15, at ¶¶ 6-7. The parties submitted briefs, and on June 23, 2015, the trial court sustained Appellee's preliminary objection based on collateral estoppel and dismissed the action. Trial Ct. Op., 6/23/15, at 4-5.

Appellant filed a timely notice of appeal on July 20, 2015,[2] and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. The trial court relied on its order and opinion sustaining the preliminary objection.

Appellant raises the following issues:

> The trial court, in going outside the record, abused its discretion and/or committed an error of law in granting demurrer.

> The [trial c]ourt incorrectly applied the doctrine of collateral estoppel/res judicata.

Appellant's Brief at 2.

We summarize Appellant's arguments. First, Appellant sets forth a perfunctory assertion, relying on an unpublished memorandum of this Court,[3] that "no testimony or other evidence outside of the complaint may

---

[2] Appellant also filed a motion to reconsider on July 2, 2015, which the trial court did not rule on before Appellant filed his notice of appeal.

[3] As this Court has stated,

> An unpublished Superior Court memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding.

be considered to dispose of the legal issues presented by the demurrer." ***Id.*** at 5.  Second, he contends the trial court erred in concluding that the issues in the prior and present action were identical.  He asserts the prior action resolved his rights as against Brooks under Amy Musser's will only.  The present action, according to Appellant, seeks the enforcement of his rights under Brooks' August 14, 2002 conveyance of the contested property to the Supervisors of Gregg Township.

The principles governing our review are well settled.

> "Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law.  When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court."

> "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint."  When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.  Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.  If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

> \*     \*     \*

***Coleman v. Wyeth Pharm., Inc.***, 6 A.3d 502, 522 n.11 (Pa. Super. 2010) (citations omitted).  Appellant's citation of a memorandum decision does not fit within these narrow exceptions.

- 7 -

> Collateral estoppel applies if (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

> Collateral estoppel is also referred to as issue preclusion. It is a broader concept than *res judicata* and operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit.

***Perelman v. Perelman***, 125 A.3d 1259, 1263, 1265 (Pa. Super. 2015) (citations omitted). "[T]he doctrine of res judicata/collateral estoppel applies not only to matters decided, but also to matters that could have, or should have, been raised and decided in an earlier action." ***BuyFigure.com, Inc. v. Autotrader.com, Inc.***, 76 A.3d 554, 561 (Pa. Super. 2013) (citation and emphasis omitted).

> "A court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." It follows, therefore, that unless the facts relied upon to establish it appear from the complaint itself, the defense of *res judicata*, may not be raised by preliminary objections.

***Kelly v. Kelly***, 887 A.2d 788, 791 (Pa. Super. 2005) (citations omitted) (noting "doctrine of *res judicata* 'subsumes' the modern doctrine of collateral estoppel").

However, as the **Kelly** Court recognized, there are "very limited circumstances" in which "the trial court's action of considering the defense of *res judicata* (or collateral estoppel) raised in the context of a preliminary objection" is not improper. **Id.**

> [I]n **Dempsey v. Cessna Aircraft Co.**, 439 Pa.Super. 172, 653 A.2d 679, 680 (1995) (*en banc*), this Court considered a matter in which, in response to preliminary objections, the trial court dismissed the action on the grounds of *res judicata*. Although we recognized that *res judicata* is an affirmative defense and should be pleaded as new matter in an answer, we did not reverse on that basis because the facts were not in dispute and because neither party objected to the procedure. Ultimately, in fact, we affirmed the trial court. Here, in contrast, appellant in her first issue effectively objects to this procedural irregularity. Although we acknowledge with displeasure that proper procedure was not followed in this case, we will not reverse on this basis. As in **Dempsey**, the facts in this case are not in dispute, and thus, appellant was not deprived of an opportunity to prove or disprove a fact. In ruling on the preliminary objections, moreover, the court did not take notice of any collateral facts.

**Id.** at 791. The **Kelly** Court thus declined to reverse based on a "procedural abnormality" and proceeded to review the trial court's ruling that *res judicata* applied. **Id.** at 791-92.

As to Appellant's first argument, we initially note the claim that the trial court improperly considered matters outside of the pleading is waived for his failure to develop any meaningful argument beyond a recitation of the law. **See In re S.T.S., Jr.**, 76 A.3d 24, 42 (Pa. Super. 2013) (noting "mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter"); **Connor v. Crozer Keystone**

*Health Sys.*, 832 A.2d 1112, 1118 (Pa. Super. 2003) (noting "'[a]rguments that are not appropriately developed are waived'").

In any event, Appellant did not object to Appellee's presentation of an affirmative defense in a preliminary objection. Moreover, there is an order from the court in the prior action, which states that "[Appellant], who has not desired to live in the property since 2002, no longer maintains any interest in the property." Order, 9/10/13. We thus conclude that the instant case fits within the limited exception to the rule that a court ruling on a preliminary objection "may not ordinarily take judicial notice in one case of the records of another case." *See Kelly*, 887 A.2d at 791-92.

Appellant next contends that the prior action did not consider or afford him a full and fair opportunity to assert a claim of right under the August 14, 2002 indenture under which the Supervisors of Gregg Township took the property "under and subject to the right of [Appellant] to reside or utilize the property for as long as he is able." Ex. B., Appellant's Compl. He argues the prior action considered only Brooks' duties under Amy Musser's will. We are constrained to disagree.

Appellant cannot avoid the fact that his prior action resulted in a determination that he "no longer maintains any interest in the property." Order, 9/10/13. That ruling makes clear that the issues considered in the prior and present action are identical. Moreover, in light of the trial court's ruling in the prior matter, the fact that Appellant had the opportunity to

present evidence of his alleged rights under the August 14, 2002 indenture challenge, and his opportunity the ruling in his appeal from that order, we discern no merit to his contention that he was not afforded a full and fair opportunity to litigate the issue. *See BuyFigure.com, Inc.*, 76 A.3d at 561.

Thus, having reviewed Appellant's arguments in light of the record, we conclude Appellant failed to demonstrate the trial court committed legal error in sustaining Appellee's preliminary objection raising the defense of collateral estoppel. *See Perelman*, 125 A.3d at 1263, 1265.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2016