**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2549
_____

STEVEN R. GRABOFF, M.D.,
Appellant

v.

THE AMERICAN ASSOCIATION OF ORTHOPAEDIC SURGEONS;
AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-12-cv-05491)
District Judge: Hon. Joel H. Slomsky
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2014
_____

Before: SMITH, SHWARTZ, and SCIRICA, Circuit Judges.

(Filed: March 19, 2014)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Dr. Steven R. Graboff appeals from the District Court's dismissal of his second lawsuit alleging that an article published by the American Association of Orthopaedic Surgeons and the American Academy of Orthopaedic Surgeons (collectively "AAOS") tortiously placed him in a false light. The District Court dismissed Graboff's successive false light claim under the doctrine of res judicata. We will affirm.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. Graboff was retained as an expert witness in a medical malpractice case. Graboff v. The Colleran Firm, No. 10-1710, 2013 WL 1286662 (E.D. Pa. Mar. 28, 2013). On December 7, 2005, he submitted a draft expert report to The Colleran Firm, the law firm that had retained him. Id. at *1. The defendant in the malpractice case filed a grievance against Graboff with AAOS, alleging that Graboff had violated AAOS's Standards of Professionalism on Orthopaedic Expert Witness Testimony. Id. AAOS suspended Graboff's membership for two years and published an article describing Graboff's suspension (the "Article") in the September 2009 issue of AAOS Now, a periodical freely available on the Internet through AAOS's website. Id. at *2. On April 16, 2010, Graboff filed a complaint against AAOS in the United States District Court for the Eastern District of Pennsylvania, alleging, among other things, that AAOS had tortiously placed him in a false light through its publication of the Article ("2010 Complaint"). Id. On April 27, 2012, a jury found in Graboff's favor, awarding him $140,000 in damages for past loss of earnings, $0 in damages for future loss of

2

earnings, and $56,000 in noneconomic damages. This Court affirmed the order denying

AAOS's post-trial motion for judgment as a matter of law and judgment notwithstanding

the verdict, holding that the jury's findings established that AAOS was liable for false

light as well as for defamation. Graboff v. The Colleran Firm, No. 13-2229 (3d Cir. Feb.

20, 2014).

After the verdict, Graboff asked AAOS to remove the Article from its website.

AAOS allegedly refused to do so. As a result, on September 26, 2012, Graboff filed the

complaint in the case now before us, alleging that the Article continued to place him in a

false light, seeking an order directing AAOS to remove the Article from AAOS's

website, and requesting compensatory and punitive damages and costs.[1] On October 22,

2012, AAOS filed a motion to dismiss Graboff's complaint under, among other things,[2]

Fed. R. Civ. P. 12(b)(6), arguing that Graboff's claims were barred under the doctrine of

---

[1] Count One alleges that the Article portrays Graboff in a false light. The portion of the complaint labeled as Count Two sets forth remedies he seeks, but does not set forth a separate cause of action. See Hindes v. FDIC, 137 F.3d 148, 157 (3d Cir. 1998) (interpreting separate "count" in complaint as simply "seek[ing] declaratory and injunctive relief in addition to the relief requested in" other counts).

[2] AAOS also sought to dismiss the complaint based upon a lack of personal jurisdiction and improper venue. The District Court declined to reach those arguments because it dismissed the complaint on other grounds. Although AAOS repeats its personal jurisdiction arguments on appeal, we also need not reach them because we will affirm the dismissal on res judicata grounds. Because dismissal on res judicata grounds does not require us to reach the merits, see Comm'r v. Sunnen, 333 U.S. 591, 597 (1948) ("If the doctrine of res judicata is properly applicable . . . , the case may be disposed of without reaching the merits of the controversy."), we need not resolve the jurisdictional issue. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) (holding that jurisdictional issues generally must be resolved before reaching the merits).

res judicata and that Graboff's request for an order directing AAOS to remove the article from its website was precluded under Pennsylvania law. On May 2, 2013, the District Court granted AAOS's motion to dismiss on both grounds. Graboff appeals.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of AAOS's motion to dismiss pursuant to Rule 12(b)(6) is plenary. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.

Here, the District Court dismissed the complaint on the ground that it was barred by the judgment entered on the 2010 Complaint under the doctrine of res judicata. The doctrine of res judicata "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). The law governing whether a federal judgment in one case has preclusive effect depends upon the basis for the federal court's subject matter jurisdiction in that case. Generally, "[f]or judgments [entered] in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Taylor v. Sturgell, 553 U.S. 880,

4

891 n.4 (2008); see Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508-09 (2001) (explaining that "nationwide uniformity . . . is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court," unless "state [preclusion] law is incompatible with federal interests"); Houbigant, Inc. v. Fed. Ins. Co., 374 F.3d 192, 205 (3d Cir. 2004) ("In a diversity action, we apply the preclusion rules of the forum state, unless they are incompatible with federal interests.").

Here, the District Court had diversity jurisdiction over the 2010 Complaint and the causes of action were based on Pennsylvania law. Accordingly, Pennsylvania preclusion rules apply. Under Pennsylvania law, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action," Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995), even if different or additional relief or grounds for relief are sought in the later case. Dempsey v. Cessna Aircraft Co., 653 A.2d 679, 682 (Pa. Super. Ct. 1995) ("Res judicata may bar a second action based upon the same transaction even if additional grounds for relief are presented." (citing Larsen v. Larsen, 141 A.2d 353, 354 (Pa. 1958)). For res judicata to apply, Pennsylvania courts require the two actions to share the following characteristics: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006) (citing Bearoff v. Bearoff Bros., Inc., 327 A.2d 72, 74 (Pa. 1974)).

5

Res judicata bars Graboff's present suit. First, in both cases, Graboff lodged tort claims based upon AAOS's publication of the Article. Second, each case included a cause of action for casting Graboff in a false light. Third, Graboff and AAOS are parties in both cases. Fourth, there is no dispute that Graboff has the capacity to sue and AAOS can be sued. Fifth, final judgment was entered on the 2010 Complaint, finding AAOS liable and awarding Graboff damages. The fact that Graboff's second complaint requested injunctive relief in addition to damages does not change the fact that the second suit is barred by the first case. See Dempsey, 653 A.2d at 682.

Graboff contends, however, that his successive false light claim is not barred because the Article has been "repeatedly republished" by virtue of its continued presence on AAOS's website and "[e]ach republication of that story constitutes a separate count of false light invasion of privacy." Appellant Br. 21. Pennsylvania's "single publication rule" forecloses this argument.

Under Pennsylvania law, "it is the original printing of the defamatory material and not the circulation of it which results in a cause of action." Graham v. Today's Spirit, 468 A.2d 454, 457 (Pa. 1983) (interpreting Uniform Single Publication Act);[3] see

---

[3] The Pennsylvania Uniform Single Publication Act provides in pertinent part:

(b) General rule. No person shall have more than one cause of action for damages for . . . invasion of privacy, or any other tort founded upon any single publication . . . .

(c) Bar by judgment. A judgment . . . for or against the plaintiff upon the substantive merits of any action for damages founded upon a single

Andrews v. Time, Inc., 690 F. Supp. 362, 365 (E.D. Pa. 1988) (noting the "statute replaced the common law rule which provided that each separate communication – i.e., each separate copy of an allegedly defaming magazine – gave rise to a separate cause of action"). The posting of an article on the Internet is the act of publication. Its continuous availability to be viewed does not constitute republication.[4] If continuous availability constituted the act of republication, then "[a] publisher would remain subject to suit for statements made many years prior, and ultimately could be sued repeatedly for a single tortious act the prohibition of which was the genesis of the single publication rule." In re Phila. Newspapers, LLC, 690 F.3d 161, 174-75 (3d Cir. 2012) (noting that "Pennsylvania courts ha[d] not considered whether the single publication rule applies to Internet publication" but concluding that adding a link to or making a technical change without altering the substance of an article posted on the Internet is not republication).

Under Pennsylvania's single publication rule, the Article's continuous posting on the Internet does not constitute separate acts of republication. Graboff had only one cause of action with respect to the initial publication of the Article that placed him in a false light. Accordingly, because Graboff's second false light claim is based on the

publication . . . shall bar any other action for damages by the same plaintiff against the same defendant founded upon the same publication . . . .

42 Pa. Cons. Stat. § 8341.

[4] Republication of defamatory material, for example in a new edition of a book or in an edited and reissued form, is "[a]n exception to the single publication rule . . . ." In re Phila. Newspapers, LLC, 690 F.3d 161, 174 (3d Cir. 2012). Such republication resets the statute of limitations and can support a cause of action. Id. at 173-75.

7

publication of the Article that was the subject of the 2010 Complaint, and because the single, continuous publication of the Article does not give rise to separate claims, and because the single claim has been decided on the merits, the second complaint is barred under the doctrine of res judicata and dismissal was appropriate.[5]

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] The District Court also dismissed Graboff's request for an injunction compelling AAOS to remove the Article from its website because he seeks a remedy not permitted under Pennsylvania law. See Kramer v. Thompson, 947 F.2d 666, 678-79 (3d Cir. 1991) (holding Pennsylvania Supreme Court precedent "quite clearly reflects its continuing adherence to the adequate [legal] remedy rationale for denying injunctive relief" and stating the Pennsylvania Supreme Court would be unlikely to permit injunctions even following "a jury determination of the libelous nature of specific statements"). Because res judicata justifies dismissal of the complaint, we need not evaluate whether the remedy sought is available.